UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____X

| | |
|---|---|
| JOHN THOMPSON, | CIVIL ACTION |
| Plaintiff | NO. 17 Civ. |
| VS. | |
| | COMPLAINT |
| PORT AUTHORITY TRANS-HUDSON CORPORATION | |
| Defendant | |

_____X

PLAINTIFF DEMANDS TRIAL BY JURY.

## NATURE OF ACTION

1. The plaintiff brings this action against the defendant for injuries suffered by him while in the employ of the defendant Railroad.

## JURISDICTION

2. This Court has subject matter jurisdiction in this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51. Venue properly lies in this Court pursuant to 45 U.S.C. § 56.

## PARTIES

3. The plaintiff is of Ocean, New Jersey.

4. The defendant, Port Authority Trans-Hudson Corporation is a railroad corporation duly established by law, and having a usual place of business in New York, New York.

**FACTS**

5. During all times herein mentioned, the defendant was a common carrier engaged in the business of interstate commerce, and as such, operated a railroad in such business between New York and New Jersey.

6. At the time the plaintiff received the injuries complained of, he was employed by the defendant Railroad as a Cableman.

7. At the time the plaintiff received the injuries complained of, the defendant Railroad was engaged in interstate commerce and the plaintiff was employed in furtherance of said commerce.

8. On or about August 5, 2014, the plaintiff was engaged in his duties as a Cableman at or about PATH's A-3 Tunnel under the Hudson River. At that time he was assigned to work crimping power cables, which required the use of a PATH Thomas & Betts electric hydraulic pump filled with hydraulic fluid under extremely high pressure. That pump utilizes a hydraulic hose attached to the body of the pump and whose other end is attached to a crimping or cutting head. That pump as well as its hose and all other equipment appurtenant thereto were owned and/or operated and/or controlled and/or maintained by the defendant.

9. PATH Power & Communications supervisors are responsible for the inspection, maintenance, and proper functioning of electrical equipment assigned to the employees under their supervision. The plaintiff's supervisors did not provide the plaintiff with the Manual or any instructions regarding the use, inspection, maintenance, or repair of that hydraulic pump. PATH did not train or instruct him regarding the inspection, maintenance, or repair of that pump or its hoses. As a cableman, the plaintiff did not inspect, maintain, or repair that pump or its hose, and was not given any instruction, tools, or parts that would allow him to do so. PATH never trained or instructed the plaintiff regarding the testing or

replacement of the hydraulic hose to ensure its integrity before use, and he had no experience or means allowing him to replace the hose or know when to do so.

10. That hydraulic pump was an old piece of equipment that had been in service for many years. PATH did not provide a storage box for that pump, and after use it was dumped into a gang box with other tools and equipment dumped on top of it. The gang box is kept on a work train parked outdoors and the pump was exposed year round to extremes of temperature and weather.

11. On or about August 5, 2014, the plaintiff was working in the A-3 Tunnel with his fellow crew members crimping negative cables. That Thomas & Betts hydraulic pump utilized a hose attached to a crimping head at its other end. The plaintiff's co-worker asked him to turn on the hydraulic pump, and the plaintiff walked over to the pump and engaged the power button. The pump's hose instantly ruptured, exploding the hose and hydraulic fluid in his face. The force of the exploding hose and hydraulic fluid against his face and head knocked him backwards onto the work flat, where his head hit a cable reel, injuring his neck and back.

12. That pump was under the exclusive control of the defendant PATH. The hose of a hydraulic pump does not ordinarily rupture and explode if it is properly inspected, maintained, repaired, stored, or replaced. On August 5, 2014, the plaintiff did nothing to cause the hose of that hydraulic pump to rupture and explode.

13. As a result of the trauma of that incident, the plaintiff suffered injuries to his back and cervical spine, resulting in lost time from work with multiple medical procedures and impairments.

## AS AND FOR A FIRST CAUSE OF ACTION

14.     The plaintiff adopts by reference and realleges each and every allegation set forth in paragraphs 1 through 13 of this Complaint with the same force and effect as if set forth under this cause of action.

15. The defendant Railroad, its agents, servants, and employees were negligent in one or more of the following ways:

    a. failing to inspect, maintain, and repair that hydraulic pump and hose to ensure it remained in safe operating condition;

    b. failing to replace the pump's original hydraulic hose despite its extended age and use;

    c. failing to periodically replace that pump's hydraulic hose;

    d. failing to institute a practice of safely testing the high pressure hose to confirm its integrity before its use;

    e. failing to provide plaintiff with the pump's Manual or instructions;

    f. failing to properly store the pump and its hose;

    g. failing to train or instruct the plaintiff regarding the testing, inspection, maintenance, repair, and replacement of that pump and its hose; and

    h. failing to act in a reasonably prudent manner under the facts and circumstances surrounding the injury.

16. As a result of the negligence of the defendant Railroad, its agents, servants, or employees the plaintiff was injured.

17. As a result of the failure of the defendant Railroad, its agents, servants, or employees to use reasonable care to provide the plaintiff with a safe place in which to work, including but not limited to furnishing him with safe and suitable tools, appliances, equipment, materials, instructions, supervision, or assistance, the plaintiff was injured.

18. As a result of the said injuries, the plaintiff has suffered and will suffer lost wages and benefits, impairment to earning capacity, medical expenses, pain and suffering, disfigurement, and mental anguish.

WHEREFORE, in order to fairly and justly compensate the negligently injured plaintiff and thereby promote safe operating conditions on the defendant Railroad, the plaintiff demands a judgment

for damages against the defendant Railroad in addition to any further relief the Court deems just and equitable.

          By his attorneys,

          By_____
          MARC T. WIETZKE
          Flynn & Wietzke, P.C.
          1205 Franklin Avenue, Suite 370
          Garden City, NY 11530
          Telephone:  (516) 877-1234
          Fax:  (516) 877-1177
          E-Mail:  MWietzke@FELAattorney.com
                    EFlecha@FELAattorney.com

          and

          Charles C. Goetsch
          Charles Goetsch Law Offices LLC
          405 Orange Street
          New Haven, CT 06511
          Tel:  (203) 672-1370
          Fax:  (203) 776-3965
          charlie@gowhistleblower.com

          and

          Stephen J. Fitzgerald
          Garrison, Levin-Epstien,
          Fitzgerald & Pirrotti, P.C.
          405 Orange Street
          New Haven, CT  06511
          Tel.: (203) 777-4425
          Fax:  (203) 776-3965
          E-mail:  sfitzgerald@garrisonlaw.com